THE STORY & CLARK PIANO COMPANY, Appellee, *vs.* FREDERICK KROPSCH *et al.* Appellants.

*Opinion filed December 17, 1907.*

1. HUSBAND AND WIFE—*when property must be treated as belonging to husband.* Where a married woman advances her own money to her husband for the purpose of carrying on general trade in his own name, the property bought with such money, and the increase therefrom, belong to the husband as to creditors who have relied upon his apparent ownership, and are liable for his debts.

2. SAME—*when an objection to husband's signing lease must be treated as withdrawn.* An objection by the wife to her husband's signing a lease of property in which to conduct his business, upon the ground that she owned the business herself, must be regarded as withdrawn, where the lease is subsequently signed by him and the building occupied for the business, which she permits him to continue to conduct as the apparent proprietor thereof.

3. SAME—*when shares of stock in wife's name are liable for husband's debts.* Where a man who has conducted a business for several years as apparent owner thereof and has incurred debts upon the faith of such apparent ownership, subsequently conveys the property to a corporation in which the wife holds almost all the stock, such stock is liable for the debts so contracted, in the absence of any *bona fide* relation of debtor and creditor between the husband and wife.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

In January, 1905, there was carried on at No. 67 Washington street, in Chicago, the business of making frames for ladies' hats. It had been established three years before that time and from the beginning had been conducted in the name of Frederick Kropsch, who personally managed the business. The bank account was kept and contracts were made in his name and nothing appeared to indicate that he was not the exclusive owner. In fact, the money with which

the business was started, about $500, was the money of Caroline Kropsch, the wife of Frederick, and the latter received a salary from the business. On January 10, 1905, the appellee leased to Frederick Kropsch, for the purpose of manufacturing hats, certain premises at 255 Wabash avenue for two years from May 1, 1905, at a rental of $125 a month. The lease was under seal. It was executed by Frederick Kropsch, and he paid the first month's rent at the time of its execution by giving his check therefor on the bank account kept in connection with said business. Mrs. Kropsch knew of the negotiations between her husband and appellee in regard to the lease and knew of its execution at the time or soon after. She testified that appellee's agent called at the premises, No. 67 Washington street, a short time before the lease was executed, when her husband was not in, and said that Mr. Kropsch could have the place on Wabash avenue, and that she then told him that she owned the place; that if there was any place to be rented she would rent it; that Mr. Kropsch had nothing to say, and if the agent did not get out she would throw him out. Nevertheless, the lease was signed within two or three days, and if it was not signed in her presence she soon after knew that it was done. On the first of May the business was moved to the premises on Wabash avenue and was conducted there in the name of Frederick Kropsch, as before, for about two weeks, when the premises were abandoned, and on May 15, 1905, Frederick Kropsch wrote a letter to appellee giving formal notice of his rescission of the lease because of the existence of a nuisance, making it impossible for him to carry on his business on the premises. In June a corporation was formed having a capital stock of $5000, divided into fifty shares of $100 each, to which the business carried on in the name of Frederick Kropsch was transferred. One share of the capital stock was issued to Frederick Kropsch, forty-eight shares to Caroline Kropsch and one to some other person. Subsequently the appellee sued Frederick Kropsch on the lease

for the rent for the months of June and July and recovered judgments, upon which executions were issued and returned no property found. Thereupon appellee filed a bill in the superior court of Cook county to subject the shares of stock of said corporation held in the name of Caroline Kropsch to the payment of its judgments against Frederick Kropsch. The superior court granted the relief prayed for, and its decree was affirmed by the Appellate Court for the First District. A certificate of importance having been granted, a further appeal is prosecuted to this court.

McArdle & McArdle, for appellants.

John A. Bloomingston, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

While it may be conceded that as between Frederick Kropsch and his wife the business conducted in the name of the former belonged to the latter, yet as to third persons it was the business of the husband. He managed the business, kept the bank account, drew checks thereon and made contracts, all in his own name. Her name did not anywhere appear. Having thus permitted him to obtain credit and incur obligations by reason of his apparent ownership, she will not be allowed to take the property without satisfying such obligations. Where a married woman advances her own money and places it in the hands of her husband for the purpose of carrying on a general trade in his own name, the property bought with such money, and the increase thereof, as to creditors, will belong to the husband and be liable to be seized for his debts. *Hauk* v. *VanIngen,* 196 Ill. 20; *Robinson* v. *Brems,* 90 id. 351; *Wilson* v. *Loomis,* 55 id. 352; *Wortman* v. *Price,* 47 id. 22; *Nelson* v. *Smith,* 64 id. 394.

Appellants insist that Mrs. Kropsch protested against her husband's signing the lease and told appellee's agent

that she was the owner and did not want the lease signed, and they claim that for this reason the judgments cannot be enforced against the property. If she did, at the time, object to the leasing of the premises, she must be held to have withdrawn her objection and assented to the lease when the leased premises were afterward occupied for the purposes of the business. It was only by virtue of the lease that they could be so occupied. She is not held liable, as principal, on this sealed instrument executed by her husband in his own name. The decree proceeds on the ground that she permitted her husband to appear as the owner of the business, and as to the appellee he was the owner. If she at one time objected to his being so regarded, she withdrew the objection and permitted the apparent condition of ownership to continue. Whatever contract he made, whether under seal or not, could be enforced, not against her, but against him and against his property, including that engaged in the business of which he was, with her consent, the apparent proprietor. She will not be permitted to claim the property as owner to the detriment of one contracting with him on the faith of his ownership of the business.

The transfer of the stock to the wife cannot be sustained on the ground that the husband was indebted to her, for it is not alleged in the answer nor shown by the evidence that the relation of debtor and creditor existed between them. The issue was whether the property invested in the business was the husband's or the wife's, and we hold that as to appellee it was the husband's.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*